U.S. DISTRICT COURT
WESTERN DISTRICT OF
PENNSYLVANIA

DOCKET No. 2:23-CV-00439

Nicholas Weir

          Plaintiff,

-against-

Federal Bureau of Investigation (FBI), et al.

          Defendants.

**PLAINTIFF'S REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR EXCEPTION TO ADMINISTRATIVE EXHAUSTION (ECF NO. 5), and PRELIMINARY INJUNCTIVE RELIEF (ECF NO. 6)**

    Plaintiff respectfully files his reply to (A) Federal Defendants' response (ECF No. 60) to Plaintiff's motion for exception to administrative exhaustion (ECF No. 5), and (B) Defendants', Allegheny Health Network (AHN) and Jessica Meenihan, PA, opposition (ECF No. 61) to Plaintiff's motion for preliminary injunctive relief (ECF No. 6).

    In response to (A), ECF No. 60, Federal Defendants noted that (1) "[2] Plaintiff does not state in his "Letter Motion for Exception to Administrative Exhaustion" that he mailed a "Notice of Claim" to the FDA or OGE. ECF No. 5, p. 1."; (2) "[i]f Plaintiff did submit a proper claim on March 7, 2023, those agencies would have until September 7, 2023, to deny his claim. 28 U.S.C. § 2401(b)"; (3) "Plaintiff admits in his Letter Motion for Exception to Administrative Exhaustion that his suit advances an FTCA claim and not a Bivens claim; therefore, his reliance on McCarthy as setting forth an exception to the FTCA is misplaced."; and (4) "even if McCarthy was applicable, which it is not, it was superseded by statute [i.e., Prison Litigation Reform Act of 1995 (PLRA): 42 U.S.C. § 1997e(a).]".

1

In regards to (A) point in defense #4 (PID #4), it is self-evident that the statute specifically relates to prisoners. See ECF No. 60 ("Through the PLRA, Congress expressly provided that "no action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."").

In regards to (A) PID #3, Plaintiff did not admit that he solely advances a FTCA claim against the Federal Defendants in this lawsuit. The FTCA claim is the sole claim before the Court that has jurisdictional requirements. See Lewis v. United States, No. 22-1421, 2023 WL 129417, at *1 (3d Cir. Jan. 9, 2023). In the letter mailed to the specified Federal Defendants, Plaintiff notified the agencies that given his health situation he intends to seek leave for exception to exhaustion and that he intends on filing additional claims. Plaintiff has alleged that the Individual Defendants are government actors, federal actors and/or state actors. See e.g. United States v. Wiest, 596 F.3d 906, 910 (8th Cir. 2010) ("Whether a private party should be deemed an agent or instrument of the government for Fourth Amendment purposes necessarily turns on the degree of the government's participation in the private party's activities, a question that can only be resolved in light of all the circumstances."). Plaintiff has included various section 1983 claims in his Amended Complaint. In its classic form, the 1983 claims are applicable to state actors. The Courts have construed 1983 claims against federal agents or actors as Bivens-type claims and those Bivens-type claims are applicable to federal actors in the individual capacities only.

In regards to (A) PID #2, it is unclear whether the Courts have ever granted administrative exhaustion exception for FTCA claims similar to Bivens-type claims in McCarthy v. Madigan et al., 503 U.S. 140 (1992). The extraordinary circumstances of this case warrants

consideration on applying the administrative exhaustion exception for FTCA given that (1) the agencies were notified of the seriousness of the "live" situation; (2) informed of the prolong nature of the conspiracies by federal actors against Plaintiff; (3) informed that Plaintiff will file additional claims against the agencies if they do not timely respond in a few days; and/or (4) informed that Plaintiff will seek exhaustion leave from the Court if they do not timely respond in a few days. To the extent that Plaintiff's request for exception to exhaustion is denied, Plaintiff seeks leave to stay the FTCA claims until he has exhausted administrative relief. See Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980) ("remand as to the FTCA claims to allow appellant to file an amended complaint. If the district court finds the jurisdictional defects to have been cured, the court should then determine whether causes of action were stated under the FTCA.")

In regards to (A) PID #1, if during discovery it is revealed that the FDA's action or inaction played any meaningful and direct role in the creation of the bioweapon used against Plaintiff, Plaintiff intends on seeking leave to serve the FDA a FTCA claim. At this point in time however, Plaintiff simply seeks declaratory orders pursuant to 28 U.S. Code § 2201 from the Court against the FDA and OGE to improve their own objectives to protect the public including themselves from preventable harms.

In response to (B), ECF No. 61, Defendants', Allegheny Health Network (AHN) and Jessica Meenihan, PA, noted that (1) "Plaintiff does not directly and/or plausibly allege that Defendants AHN and/or PA Meenihan are "the government" or "government agents" nor do either of his Complaints demonstrate the likelihood of success on the merits. See Docs. 1 and 4."; (2) "Plaintiff's medical malpractice claims are unsupported by, and he is precluded from offering any evidence from, medical experts, so he cannot succeed on the merits."; (3) "there is no evidence supporting the existence of a "bio-weapon."… Defendants deny the existence of a

3

"bio-weapon," as alleged, and have no information to provide regarding the alleged "bio-weapon." Moreover, Plaintiff's efforts of (sic) identify a "bio-weapon" through the police, Pittsburgh Poison Control, and others have been unsuccessful. See Doc. 4, ¶¶ 12- 24."; (4) "Plaintiff has failed to plausibly allege any facts as to Defendants AHN and/or PA Meenihan that would entitle him to relief, so he cannot succeed on the merits."…"Plaintiff's civil rights claims necessarily fail" and "Plaintiff's miscellaneous tort claims necessarily fail"; (5) "Plaintiff has tacitly admitted that his harm is not "irreparable." As injunctions can only be issued for irreparable harms, Plaintiff has failed to satisfy the second factor necessary for issuance of injunctive relief. See Kos Pharms., Inc., supra."; (6) "Plaintiff asserts there will be no adverse impact on the public interest but does not assert a public interest favoring the relief."; and (7) "Preliminarily, Plaintiff's request for injunctive relief is not directed to these defendants. Even if the request for an injunction was directed toward these Defendants, they have no information to supply."

In regards to (B) PID #1, Plaintiff has alleged that he was intentionally poisoned by government agents on November 19, 2022 when he visited the ER. ECF No. 4 ("he was actually intentionally poisoned by government agents"). Plaintiff alleged that Anisa Islamova, RN was the individual who administered the bioweapon into Plaintiff's IV. It can be deduced from the factual allegations in the Amended Complaint that Anisa Islamova and Dr. Caceres are government actors. The final Plaintiff's final response will further clarify this point. Also, Plaintiff stated that he was constantly stalked (i.e., physically and virtually via internet connection to his devices) by the government. See e.g. ECF No. 4 ("Plaintiff has been subjected to coordinated stalking continuously since Fall 2013. Plaintiff is stalked by agents from various government agencies including those in the caption.")

In regards to (B) PID #2, it is self-evident even from Plaintiff's drafted response to Defendants' Motion to Dismiss that Plaintiff's malpractice claims can proceed without medical expert at least to the bioweapon allegation. See ECF No. 65.

In regards to (B) PID #3, it is self-evident even from Plaintiff's drafted response to Defendants' Motion to Dismiss that Plaintiff has alleged plausible and sufficient facts to support the existence of bioweapon introduced into his left arm in the ER on November 19, 2022. See Id. The final Plaintiff's final response will further support the existence of bioweapon.

In regards to (B) PID #4, it is self-evident even from Plaintiff's drafted response to Defendants' Motion to Dismiss that Plaintiff's civil rights and miscellaneous tort claims have not failed. See Id. The final Plaintiff's final response will further illustrate the viability of all his claims.

In regards to (B) PID #5, Mr. Hart, yet again, misconstrued Plaintiff's statement. Plaintiff shared various facts regarding his health including one experience when he went to get blood work done. ECF No. 4 ("Plaintiff experienced immediate relief whenever he had his blood drawn for lab tests."). Feeling immediate relief does not confirm whether or not the unknown bioweapon will cause long-lasting internal harm the longer it remains in Plaintiff's body. Plaintiff has made it clear that he is unsure what the bioweapon is which means he is also unsure of its design or mechanisms. Plaintiff can only share facts of the various symptoms he has been experiencing since November 19, 2022. Obtaining information on the bioweapon(s) will shed light on the various internal injuries it causes.

In regards to (B) PID #6, there is no adverse impact to the public because the information on the bioweapon is needed to discover its design and steps for removing it before the injuries

5

worsen. The public is surely interested in protecting their health and be confident that when they go to the ER, the government or its agents will not place a bioweapon in their body for any reason whatsoever.

In regards to (B) PID #7, it is unclear what the position of the Federal Defendants is in regards to Plaintiff's motion for preliminary injunction relief because their attorney, Mrs. Taylor, did not file an opposition to the motion or the Court did not directly ask them to reply. See ECF No. 55 Docket Text ("[6] Emergency Letter Motion for Preliminary Injunctive Relief. On March 15, 2023, Plaintiff filed this motion, in which he asks for "emergency preliminary injunctive relief to enjoin Defendants from withholding information about the bio-weapon injected into IV during Plaintiff's visit to the ER at the West Penn Hospital of Allegheny Health Network." At that time, no defendants had yet been served. Since then, Allegheny Health Network and Jessica Meenihan, PA have been served and have filed a motion to dismiss. Therefore, these defendants shall file a response to the motion by July 5, 2023. Signed by Magistrate Judge Patricia L. Dodge on 6/21/2023.  Text-only").

Nonetheless, it can be reasonably deduced from Mrs. Taylor's motion to dismiss the Amended Complaint (ECF No. 57-58) and opposition to Plaintiff's motion for exception to administrative exhaustion (ECF No. 60) that Mrs. Taylor opposes Plaintiff's motion for preliminary injunctive relief (ECF No. 6).

While Plaintiff's response to the motions to dismiss as well as his proposed Second Amended Complaint is not fully constructed, Defendants should be able to start seeing the light for all claims separating the tunnel of pleading and the tunnel of discovery from the drafted material submitted.

From the factual allegation in the Amended Complaint and all the statements submitted on the record thus far, an impartial Court should be confident and clear on recognizing that a majority, if not all, of Plaintiff's claims that have a likelihood of success on the merits. Plaintiff has detailed some of the symptoms that he has been experiencing and the fact some of the symptoms are escalating. Plaintiff intends on being more detailed on the symptoms in his final response to the motion to dismiss. No party has stated that they will suffer "greater harm" if information on the bioweapon is disclosed. Even if there is any potential harm, Plaintiff's health far outweighs such harm given that the bioweapon should not have been cruelly placed in his body in the first place. There is no adverse impact to the public because the information on the bioweapon is needed to discover its design and steps for removing it before the injuries worsen.

Federal Defendants, i.e. individual agencies and/or collectively as the United State of America (USA), are privy to information on the bioweapon causing all sorts of internal harm to Plaintiff and at times threaten his life. Henceforth, Plaintiff respectfully request that the Court grant Plaintiff's preliminary injunctive relief and order the Federal Defendants to (1) provide ALL details regarding the bioweapon to Plaintiff, with or without confidentiality as the Court prefers, and/or (2) submit ALL details regarding the bioweapon under seal to the Court for review. For awareness, Plaintiff intends on taking further legal actions if the Federal Defendants continue to deceive the Court that they are unaware of a bioweapon or biological agent placed into Plaintiff's body, redact any information on the bioweapon, or conceal any information on the bioweapon.

Dated: Pittsburgh, Pennsylvania
July 18, 2023

BY:    /S/
       Nicholas Weir, Pro Se
       4503 Stanton Ave

                                                  Pittsburgh, PA 15201

CC via CM/ECF and/or Email:

Jennings L. Hart, III, Esquire  
Davies McFarland & Carroll, LLC  
One Gateway Center; 10th Floor  
Pittsburgh, PA 15222  
(412) 281-0737  
(412) 261-7251 (fax)  
Email: jhart@dmcpc.com  
Attorneys for Defendants:  
Allegheny Health Network (AHN) and  
Jessica Meenihan, PA

KEZIA O. L. TAYLOR (PA 203759)  
Assistant U.S. Attorney  
Western District of Pennsylvania  
Joseph F. Weis, Jr. U.S. Courthouse  
700 Grant Street, Suite 4000  
Pittsburgh, PA 15219  
Tel.: (412) 894-7567  
Fax: (412) 644-6995  
Email: kezia.taylor@usdoj.gov  
Counsel for the Federal Defendants