IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS WEIR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-439 |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | Magistrate Judge Patricia L. Dodge |
| FEDERAL BUREAU OF INVESTIGATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

Before the Court is a Motion for Exception to Administrative Exhaustion (ECF No. 5) filed by Plaintiff, Nicholas Weir. On July 5, 2023, Defendants, the Federal Bureau of Investigation, the Central Intelligence Agency, the Department of Defense, the United States, the Office of Government Ethics, and the Food and Drug Administration ("the Federal Defendants"), filed a Response in Opposition (ECF No. 60) to Plaintiff's Motion. On July 18, 2023, Plaintiff filed his Reply in Support (ECF No. 67) of his Motion.

On September 1, 2023, the Honorable Patricia L. Dodge issued a Report and Recommendation (ECF No. 101) in which she recommended that the Motion for Exception to Administrative Exhaustion be denied. Objections to Judge Dodge's Report and Recommendation were due on September 15, 2023. Mr. Weir filed his objections to the Report and Recommendation (ECF Nos. 107, 108) on September 15, 2023 and September 16, 2023. [1] The matter is now ripe for disposition.

---

[1] Based on the Court's review, the documents filed at ECF Nos. 107 and 108 are identical. The Court further notes that the documents filed at ECF Nos. 107 and 108 also contain objections to a separate September 1, 2023 Report and Recommendation (ECF No. 102) in which Judge Dodge recommended that the Federal Defendants' Motion to Dismiss be granted.

1

I.   **Legal Standard**

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

II.   **Discussion**

Initially, upon review of Judge Dodge's September 1, 2023 Report and Recommendation, Plaintiff's Objections, and the relevant briefing, as well as a review of the entire record in this matter, the Court agrees with the well-reasoned analysis set forth in Judge Dodge's Report and Recommendation.

Following review of Plaintiff's Objections, the Court finds that Plaintiff's Objections to the Report and Recommendation lack merit.  Plaintiff's filings at ECF Nos. 107 and 108 (as well as his pending Motion) point the Court to *McCarthy v. Madigan*, 503 U.S. 140 (1992), as support for the Court to excuse Plaintiff from any administrative exhaustion requirement.  *See* Obj. ¶ 43-45.  With respect to *McCarthy*, the Court notes, as provided in Judge Dodge's Report and Recommendation, that:

> the *McCarthy* case concerned claims brought under *Bivens*, and not claims under the FTCA.  In addition, *McCarthy* is no longer good law, as it was superseded by statute in the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a). *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("In 1996, as part of the PLRA, Congress invigorated the exhaustion prescription.").

R&R p. 4.

Accordingly, the Court will overrule Plaintiff's Objections to the Report and Recommendation, and will approve and adopt the Report and Recommendation in its entirety as the opinion of the Court.

BY THE COURT:

/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

Dated:  January 25, 2024

cc: The Honorable Patricia L. Dodge
United States Magistrate Judge

Nicholas Weir
4503 Stanton Ave
Pittsburgh, PA 15201

All counsel of record via CM/ECF