IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS WEIR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-439 |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | Magistrate Judge Patricia L. Dodge |
| FEDERAL BUREAU OF INVESTIGATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

Before the Court are the following motions: a motion to Dismiss (ECF No. 37) Plaintiff's Amended Complaint filed by Defendants, Allegheny Health Network ("AHN") and Jessica Meenihan, PA, and joined by Defendants, Anisa Islamova, William Abt, and Cherly Abt; a Motion to Dismiss (ECF No. 57) Plaintiff's Amended Complaint filed by Defendants, the Federal Bureau of Investigation, the Central Intelligence Agency, the Department of Defense, the United States of America, the Office of Government Ethics, and the Food and Drug Administration ("the Federal Defendants"); and a Motion to Dismiss (ECF No. 97) Plaintiff's Amended Complaint filed by Defendants, Camilo Caceres, MD and Sherry Sagath, PA.

The matters are now ripe for disposition.

I.     **Procedural History**

On June 12, 2023, Defendants, Allegheny Health Network ("AHN") and Jessica Meenihan, PA, filed their Motion to Dismiss (ECF No. 37) Plaintiff's Amended Complaint. Defendants Anisa Islamova, William Abt, and Cherly Abt joined in the Motion to Dismiss. ECF Nos. 73, 77. Plaintiff, Nicholas Weir, filed a Response in Opposition (ECF No. 85) to the Motion to Dismiss,

Defendants William and Cheryl Abt filed a Reply (ECF No. 96), and Plaintiff filed a Surreply (ECF No. 103).

On September 13, 2023, the Honorable Patricia L. Dodge issued a Report and Recommendation (ECF No. 106) in which she recommended that Defendants, AHN, Meenihan, Islamova, and Abts' Motion to Dismiss be granted, with prejudice as to Counts VIII through X, XIII through XXI and XXXI, and without prejudice as to Counts I through VII, XI, XII, and XXII through XXX.  Objections to Judge Dodge's Report and Recommendation were due on September 27, 2023.  Plaintiff filed his objections to the Report and Recommendation (ECF No. 114) on September 27, 2023.

On June 30, 2022, the Federal Defendants filed their Motion to Dismiss (ECF No. 57) Plaintiff's Amended Complaint, along with their Brief in Support (ECF No. 58).  Plaintiff filed a Response in Opposition (ECF No. 85) to the Federal Defendants' Motion to Dismiss.

On September 1, 2023, the Honorable Patricia L. Dodge issued a Report and Recommendation (ECF No. 102) in which she recommended that the Federal Defendants' Motion to Dismiss be granted, with prejudice.  Objections to Judge Dodge's Report and Recommendation were due on September 15, 2023.  Plaintiff filed his objections to the Report and Recommendation (ECF Nos. 107, 108) on September 15, 2023 and September 16, 2023. [1]  The matter is now ripe for disposition.

Lastly, on August 28, 2023, Defendants, Camilo Caceres, MD and Sherry Sagath, PA, filed their Motion to Dismiss (ECF No. 97), along with their Brief in Support (ECF No. 98).  Plaintiff filed a Response in Opposition (ECF No. 110) to the Motion to Dismiss and Defendants Caceres and Sagath filed a Reply (ECF No. 112).

---

[1] Based on the Court's review, the documents filed at ECF Nos. 107 and 108 are identical.

On November 13, 2023, the Honorable Patricia L. Dodge issued a Report and Recommendation (ECF No. 115) in which she recommended that Defendants, Caceres and Sagath's Motion to Dismiss be granted, with prejudice as to Counts VIII through X, XIII through XXI and XXXI, and without prejudice as to Counts I through VII, XI, XII, and XXII through XXX.  Objections to Judge Dodge's Report and Recommendation were due on December 8, 2023.  Plaintiff filed his objections to the Report and Recommendation (ECF No. 120) on December 8, 2023.

## II. Legal Standard

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)).  A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id*.  "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. Discussion

Initially, upon review of Judge Dodge's September 1, 2023, September 13, 2023, and November 13, 2023 Reports and Recommendations, Plaintiff's Objections, and the relevant briefing, as well as a review of the entire record in this matter, the Court agrees with the well-reasoned analysis set forth in each of Judge Dodge's Reports and Recommendations. Judge Dodge recommends dismissal of Plaintiff's Amended Complaint as to all Defendants finding that the Court lacks subject matter jurisdiction under the Substantiality Doctrine and that Plaintiff's claims are otherwise deficient.

Following de novo review of Plaintiff's Objections, the Court finds that Plaintiff's Objections to the Reports and Recommendations lack merit.[2] First, Plaintiff raises objections to Judge Dodge's finding that the Court lacks subject matter jurisdiction under the Substantiality Doctrine. Plaintiff argues that the allegations in his Amended Complaint are factually distinct from the case law cited by Judge Dodge. *See* ECF Nos. 107, 108, ¶¶ 7-23; *see also* ECF No. 114, ¶¶ 7-22; *see also* ECF No. 120, ¶¶ 7-24. However, Plaintiff ignores Judge Dodge's well-reasoned analysis of the applicable Substantiality Doctrine case law that stands for the proposition that "'federal courts are without power to entertain claims otherwise within their jurisdiction if they

---

[2] Plaintiff's Objections filed at ECF Nos. 107, 108, 114, 120 are extremely similar and raise many of the same objections.

are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion.'" ECF No. 102, p. 5; ECF No. 106, p. 5; ECF No. 115, p. 6 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) (cleaned up).  Even liberally construing Plaintiff's Amended Complaint, his claims against Defendants "are wholly fanciful, implausible and bizarre." *Id.* at 6.  Therefore, Plaintiff's objections concerning the Substantiality Doctrine are overruled.

Second, Plaintiff raises objections to Judge Dodge's findings that, even if his claims were not dismissed for lack of subject matter jurisdiction, Defendants are entitled to dismissal because his claims are otherwise fatally deficient. *Id.* at 8.  Plaintiff raises numerous objections, including arguments that Judge Dodge did not specifically address certain counts and failed to liberally construe the Amended Complaint.  *See* ECF nos. 107, 108, ¶¶ 47-83.  However, under de novo review, the Court overrules Plaintiff's objections.  Judge Dodge clearly addressed every count brought against Defendants under the appropriate standard.

As to Defendants AHN, Meenihan, Islamova, Abts, Caceres, and Sagath, Plaintiff raises objections to Judge Dodge's finding that, because all federal claims have been dismissed, the Court will not retain jurisdiction over Plaintiff's state law claims.  ECF No. 114, ¶¶ 93-95; ECF No. 120, ¶¶ 106-07.  These objections are overruled based on the Court's de novo review.

Lastly, Plaintiff objects to Judge Dodge's decision that amendment is futile as to the Federal Defendants.  ECF Nos. 107, 108, ¶¶ 84-85.  Under de novo review, the Court overrules Plaintiff's objections finding that amendment would be futile as to the Federal Defendants.

Accordingly, the Court will overrule all of Plaintiff's Objections to the September 1, 2023, September 13, 2023, and November 13, 2023 Reports and Recommendations, and will approve and adopt the Reports and Recommendations in their entirety as the opinion of the Court.

### IV.     Conclusions and Order of Court

For the reasons discussed above, the Court will grant Defendants' Motions to Dismiss and overrule each of Plaintiff's Objections. Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Objections (ECF Nos. 114) to Judge Dodge's September 13, 2023 Report and Recommendation (ECF No. 106) are overruled, and the Court approves and adopts the Report and Recommendation in its entirety as the opinion of the Court. Defendants, AHN, Meenihan, Islamova, and Abts' Motion to Dismiss (ECF Nos. 37, 73, 77) is granted as to Counts VIII through X, XIII through XXI and XXXI, with prejudice, and as to Counts I through VII, XI, XII, and XXII through XXX, without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

2. Plaintiff's Objections (ECF Nos. 107, 108) to Judge Dodge's September 1, 2023 Report and Recommendation (ECF No. 102) are overruled, and the Court approves and adopts the Report and Recommendation in its entirety as the opinion of the Court. The Federal Defendants' Motion to Dismiss (ECF No. 57) is granted, with prejudice.

3. Plaintiff's Objections (ECF No. 120) to Judge Dodge's November 13, 2023 Report and Recommendation (ECF No. 115) are overruled, and the Court approves and adopts the Report and Recommendation in its entirety as the opinion of the Court. Defendants, Caceres and Sagath's Motion to Dismiss (ECF No. 97) is granted as to Counts VIII through X, XIII through XXI and XXXI, with prejudice, and as to Counts I through VII, XI, XII, and XXII through XXX, without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

4. The Clerk of Courts shall mark this case as CLOSED.

BY THE COURT:

/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

Dated:  January 29, 2024

cc: The Honorable Patricia L. Dodge
United States Magistrate Judge

Nicholas Weir
4503 Stanton Ave
Pittsburgh, PA 15201

All counsel of record via CM/ECF